David Z. Woolf, Esquire
California Bar No. 306958
**Woolf Legal**
14500 Roscoe Blvd. 4th Floor
Van Nuys, CA 91402
Telephone: (323) 804-0730
Email: david@woolflegal.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SHARMAGH ASLANIAN,                                  DOCKET NO.

    Plaintiff,                                **COMPLAINT**

v.

SHARKNINJA OPERATING, LLC,

    Defendant.
_____/

    Plaintiff, Sharmagh Aslanian, through undersigned counsel, and pursuant to all applicable Federal Rules of Civil Procedure, hereby files this Complaint and alleges against Defendant, SharkNinja Operating LLC, and alleges as follows.

**General Allegations**

1. This Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2. Plaintiff, at all times material hereto is and was a citizen of the State of California.

3. That at all times material hereto, Defendant, SharkNinja Operating LLC ("SharkNinja"), was and is a Delaware corporation incorporated under the laws of the State of Delaware, with its principal place of business in Needham, Massachusetts.

4. Defendant, SharkNinja, is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the State of California.

# FACTUAL BACKGROUND

6. On or about February 2020, Plaintiff, Sharmagh Aslanian, purchased a Ninja OP301 LP3 Foodi Tendercrisp Pressure Cooker ("Pressure Cooker").

7. Upon information and belief, at all relevant times, Defendant, SharkNinja, is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

8. Upon information and belief, at all relevant times, Defendant, SharkNinja, tested and/or inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

9. The Pressure Cooker is an electric kitchen appliance designed to be used for efficient preparation of food. The product is designed to prepare meals by cooking liquids inside a pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

10. On or about March 31, 2021, Plaintiff was using the Pressure Cooker and followed instructions enclosed with the Pressure Cooker.

11. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded while Plaintiff was attempting to open it, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto Plaintiff.

12. The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

13. As a direct and proximate result of the explosion of the Pressure Cooker and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**COUNT I – PRODUCTS/STRICT LIABILITY AGAINST SHARKNINJA**

14. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-13 as if fully set forth herein.

15. At all relevant times, Defendant, SharkNinja, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

16. The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

17. The Pressure Cooker had not been misused post-sale before it failed.

18. The Pressure Cooker was within its anticipated useful life when it failed.

19. The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

20. Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

21. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

22. Therefore, Defendant, SharkNinja, is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

WHEREFORE, Plaintiff, Sharmagh Aslanian, demands judgment against Defendant, SharkNinja, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE AGAINST SHARKNINJA

23. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-13 as if fully set forth herein.

24. Defendant, SharkNinja, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Pressure Cooker, and/or to adequately warn of dangers presented by the product's design.

25. Defendant, SharkNinja, knew, or in the existence of ordinary care, should have known, that the Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

26. Alternatively, Defendant, SharkNinja, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Pressure Cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

27. Alternatively, Defendant, SharkNinja, had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, SharkNinja, failed to adequately design, equip and/or manufacture the Pressure Cooker.

28. Alternatively, Defendant, SharkNinja, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

29. Alternatively, Defendant, SharkNinja, failed to prudently design, manufacture, test, inspect, market and/or sell the Pressure Cooker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

30. As a direct and proximate result of Defendant, SharkNinja's, negligence, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Sharmagh Aslanian, demands judgment against Defendant, SharkNinja, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT III – BREACH OF EXPRESS WARRANTY AGAINST SHARKNINJA

31. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-13 as if fully set forth herein.

32. Defendant, SharkNinja, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Pressure Cooker.

33. Defendant, SharkNinja, expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

34. Defendant, SharkNinja's, affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Pressure Cooker.

35. The Pressure Cooker did not conform to Defendant, SharkNinja's, affirmations regarding safety.

36. As a direct and proximate result of Defendant, SharkNinja's, breach of express warranties, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Sharmagh Aslanian, demands judgment against Defendant, SharkNinja, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST SHARKNINJA

37. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-13 as if fully set forth herein.

38. Defendant, SharkNinja, at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

39. Defendant, SharkNinja, impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

40. Defendant, SharkNinja, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

41. As a direct and proximate result of Defendant, SharkNinja's, breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Sharmagh Aslanian, demands judgment against Defendant, SharkNinja, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST SHARKNINJA

42. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-13 as if fully set forth herein.

43. Defendant, SharkNinja, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

44. In selling the Pressure Cooker to Plaintiff, Defendant, SharkNinja, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

45. Defendant, SharkNinja, breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to Defendant, SharkNinja's, affirmations regarding its product being fit for such particular purpose. The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

46. As a direct and proximate result of Defendant, SharkNinja's, breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Sharmagh Aslanian, demands judgment against Defendant, SharkNinja, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## **COUNT VI – FAILURE TO WARN AGAINST SHARKNINJA**

47. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-13 as if fully set forth herein.

48. Defendant, SharkNinja, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

49. On or about March 31, 2021, Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded and/or otherwise caused injury to Plaintiff.

50. Upon information and belief, the Pressure Cooker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper

warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

51. Defendant, SharkNinja, knew or should have known of the dangerous nature of the Pressure Cooker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

52. Defendant, SharkNinja, had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including Plaintiff, notice of the danger involved.

53. As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns and other injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Sharmagh Aslanian, demands judgment against Defendant, SharkNinja, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

# DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial for all issues so triable.

Signed on January 13, 2023

                        **WOOLF LEGAL**
                        Attorney for Plaintiff
                        14500 Roscoe Blvd. 4th Floor
                        Van Nuys, CA 91402
                        Telephone:  (323) 804-0730
                        Email:      david@woolflegal.com

                    By:   <u>/s/ David Woolf, Esq.</u>
                        DAVID WOOLF, ESQUIRE
                        California Bar No. 306958